1  James D. Hicks, WSBA #36126
Forsberg & Umlauf, P.S.
2  401 Union St., Suite 1400
Seattle, WA  98101
3  Phone: (206) 689-8500
jhicks@foum.law
4  *Attorneys for Defendant*

5

6  UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
7

| | |
|---|---|
| 8 NORTHWEST RESTORATION OPERATING, INC., a Washington Corporation, | No. |
| 9 Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| 10 vs. | |
| 11 STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurer, | **[REMOVED FROM YAKIMA COUNTY SUPERIOR COURT CASE NO. 25-2-04045-39]** |
| 13 Defendant. | |

14  TO:        Clerk, U.S. District Court, Eastern District of Washington;

15  AND TO:    Plaintiff's Counsel of Record.

16

17       PLEASE TAKE NOTICE that Defendant State Farm Fire and Casualty

Company ("State Farm") hereby gives notice of removal Washington State Superior
18

Court for Yakima County Case No. 25-2-04045-39 to the United States District
19

Court for the Eastern District of Washington, on the grounds set forth here.
20

Defendant's Notice of Removal Pursuant to 28 U.S.C. §§ 1332, 1441, and
1446 – 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4934-2294-6430, v. 1

1.    This is a civil action arising out of a water loss on or about November 8, 2024 at property insured by State Farm and insured Miguel Arellano ("Insured"). The Insured allegedly assigned certain rights to Plaintiff Northwest Restoration Operating, Inc., including the right to file suit to collect money allegedly owed under the Insured's insurance contract with State Farm for mitigation work allegedly performed by Plaintiff.

2.    According to the underlying Complaint, the subject property is located in Yakima County, Washington. On November 4, 2025, Plaintiff filed its Summons and Complaint in Washington State Superior Court for Yakima County. Plaintiff's Complaint is attached hereto as **Exhibit 1**.

3.    Plaintiff (as assignee) included claims against State Farm for breach of contract, and extra-contractual claims for bad faith, violation of Washington's Consumer Protection Act" ("CPA"), and violation of Washington's Insurance Fair Conduct Act ("IFCA"). Plaintiff seeks contract damages; treble damages under IFCA and the CPA; attorney's fees and costs; and pre-judgment interest and post-judgment interest. Compl. at p. 14.

4.    Removal is timely under 28 U.S.C. § 1446(b) as removal has occurred within 30 days of State Farm's receipt of the Complaint. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019) ("[R]eceipt of an initial

1   pleading by a statutorily designated agent does not begin the thirty-day removal

2   clock under 28 U.S.C. §1446(b)(1) … instead[,] actual receipt by State Farm []

3   start[s] the removal clock."). Here, the operative date for removal under *Anderson* is

4   November 18, 2025, the day that State Farm's registered agent, Corporation Service

5   Company ("CSC"), actually received the summons and complaint from OIC. CSC's

6   Notice of Service of Process is attached as **Exhibit 2**.

7        5.    Removal to the United States District Court for the Eastern District of

8   Washington is proper because the district embraces Yakima County, Washington,

9   where the action is pending. Pursuant to 28 U.S.C. §1441(a), an action may be

10  removed "to the district court of the United States for the district and division

11  embracing the place where such action is pending." Thus, removal to this Court is

12  proper.

13       6.    As alleged in Plaintiff's Complaint, and upon information and belief,

14  Plaintiff was at all relevant times incorporated in Washington and registered as a

15  contractor in Washington. Ex. 1, Compl. at ¶ 1.

16       7.    Defendant State Farm is and was at all relevant times an Illinois

17  corporation, having its principal place of business in Illinois.

18       8.    The incidents giving rise to this suit occurred in, and the subject

19  property is located in Yakima County, Washington. *Id.* at ¶¶ 2, 4. Therefore, venue

20

Defendant's Notice of Removal Pursuant to 28 U.S.C. §§ 1332, 1441, and
1446 – 3

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4934-2294-6430, v. 1

1   in the United States District Court for the Eastern District of Washington is proper.

2   28 U.S.C. §1441(a).

3        9.    This action may be removed under 28 U.S.C. §1441 as one in which

4   there is original jurisdiction under 28 U.S.C. §1332 based upon diversity of

5   citizenship because it is between citizens of different states and the amount in

6   controversy exceeds $75,000 exclusive of interests and costs. "The jurisdictional

7   minimum may be satisfied by claims of general and specific damages, attorney's

8   fees, and by punitive damages." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th

9   Cir. 2005). "[T]he amount in controversy is not limited to damages incurred prior to

10  removal … but rather is determined by the complaint operative at the time of and

11  encompasses all relief a court may grant on that complaint if the plaintiff if

12  victorious," including future attorney fees and damages. *Fritsch v. Swift Transp. Co.*

13  *of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (*quoting Chavez v. JPMorgan*

14  *Chase & Co.*, 899 F.3d 785, 791 (9th Cir. 2018)).

15       10.    Plaintiff did not specify a total amount in controversy in the Complaint.

16  "Where, as here, it is unclear or ambiguous from the face of a state-court complaint

17  whether the requisite amount in controversy is pled, the removing defendant bears

18  the burden of establishing, by a preponderance of the evidence, that the amount in

19  controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal.,*

20

Defendant's Notice of Removal Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 – 4

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

*Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013). In addition to the complaint, the Ninth Circuit considers allegations in the removal petition as well as "summary-judgment type evidence relevant to the amount in controversy at the time of removal." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 791 (9th Cir. 2018).

11.    According to State Farm's records, Plaintiff's last submitted claim was for $33,527.87 (accounting for a $1,000 deductible).  The relevant page from State Farm's Summary of Loss is attached as **Exhibit 3**.  In response, State Farm paid $5,781.93, leaving a remaining claim balance of $27,745.94.  *Id.*  Accordingly, the contract damages in this suit are no less than $27,745.94, trebled to $83,237.82 under IFCA. Plaintiff also seeks the $25,000 punitive damages award available under the CPA, for a total of $108,237.82 not including attorney's fees, costs, prejudgment interest, or general damages, which are also added to the damages to calculate the total amount in controversy.

12.    State Farm has met its burden in showing that the amount in controversy requirement of $75,000 is satisfied.

13.    Notice of this removal will be filed with the Clerk of the Yakima County Superior Court, Case No. 25-2-04045-39 and will be given to all other parties, in accordance with 28 U.S.C. §1446(d). A copy of said Notice is attached as **Exhibit 4**.

Defendant's Notice of Removal Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 – 5

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4934-2294-6430, v. 1

1    BASED ON THE ABOVE, Defendant State Farm gives notice that the action

2  pending against it in Washington State Superior Court for Spokane County has been

3  removed from that court to the United States District Court for the Eastern District

4  of Washington.

5    DATED this 18th day of December, 2025.

6                                    s/ James D. Hicks
                                    James D. Hicks, WSBA #36126
7                                    Forsberg & Umlauf, P.S.
                                    401 Union St., Suite 1400
8                                    Seattle, WA  98101
                                    Phone:  (206) 689-8500
9                                    jhicks@foum.law
                                    Attorney for Defendant

10

11

12

13

14

15

16

17

18

19

20

Defendant's Notice of Removal Pursuant to 28 U.S.C. §§ 1332, 1441, and
1446 – 6

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4934-2294-6430, v. 1

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served the ***DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446*** on the following individuals in the manner indicated:

Mr. William A. Gieri
Campbell & Bissell, PLLC
820 W. 7th Ave.
Spokane, WA  99204

*Attorney for Plaintiff*

(X) Via Electronic Mail


**SIGNED** this 18th day of December, 2025, at Seattle, Washington.


*s/ Julia Wolfe*
Julia L. Wolfe

Defendant's Notice of Removal Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 – 7

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4934-2294-6430, v. 1

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NORTHWEST RESTORATION OPERATING, INC.,

**DEFENDANTS**

STATE FARM FIRE AND CASUALTY COMPANY

**(b)** County of Residence of First Listed Plaintiff   Yakima
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

William Gieri, WSBA #52761

Attorneys *(If Known)*

James D. Hicks, WSBA #36126

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§1332, 1441 AND 1446

Brief description of cause:
Insurance Policy Dispute

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE

Dec 18, 2025

SIGNATURE OF ATTORNEY OF RECORD

s/ James D. Hicks

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Exhibit 1

1

2

3

4

insurance Commissioner
ACCEPTED SOP

NOV 1 2 2025

TIME: 2 pm

5

6

7

## SUPERIOR COURT OF STATE OF WASHINGTON
## COUNTY OF YAKIMA

8

9

10

11

12

13

NORTHWEST RESTORATION
OPERATING, INC., a Washington
corporation,

                    Plaintiff,

vs.

STATE FARM FIRE AND CASUALTY
COMPANY, a foreign insurer,

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

**COMPLAINT**

*Filing Fee: $290.00*

14

15

16

        Plaintiff Northwest Restoration Operating, Inc., by and through its attorney of record,

William Gieri of Campbell & Bissell, PLLC, hereby alleges as follows:

17

### I.    PARTIES, JURISDICTION, AND VENUE

18

19

20

        1.      At all times material, Northwest Restoration Operating, Inc. ("Northwest") was a

corporation authorized to transact business in Washington and registered as a contractor, with its

principal place of business located in Spokane County, Washington. Northwest performed all

obligations and conditions required of it to commence and maintain this lawsuit.

21

22

23

        2.      Upon information and belief, State Farm Fire and Casualty Company ("State

Farm") is a foreign insurance company that provides property insurance to homeowners in various

24

25

COMPLAINT - 1

**CB** | LAWYERS

CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

states across the United States. At all times material, State Farm provided property insurance for the property located at 1520 S. 7th Avenue, Yakima, Washington 98902 ("Property") pursuant to the terms and conditions of Policy Number 47EPG9830 ("Policy"). Upon information and belief, State Farm provided and continues to provide property insurance to individuals and entities in Washington.

3.     Venue and jurisdiction are proper in this Court pursuant to RCW §§ 2.08.010, 48.30.015(1), and 48.05.220.

## II.    FACTS

### A.   The Covered Loss and Northwest's Services

4.     On or about November 8, 2024, covered water damage occurred at the Property, resulting in damage to various rooms and building components within the Property. ("the Loss").

5.     After the Loss occurred, the owner of the Property, Miguel Arellano, timely filed an insurance claim with State Farm. State Farm assigned Claim Number 47-76L2-53S ("Claim") to the Loss. The Policy was in effect at the time of the Loss.

6.     After the Loss, Mr. Arellano entered into a document entitled "Agreement to Perform Services Contract" ("Contract") with Northwest.

7.     Under the Contract, Mr. Arellano expressly provided Northwest with permission to "dehumidify, cleanse, decontaminate, deodorize, disinfect (e.g., media blast), fumigate, purify, antisepticise, sterilize, and perform any other work to remedy the damage at the premises, including testing for lead, asbestos, particular categories of water damage, and microbial growth (such as mold) and removing specific components (e.g., drywall, flooring, trim) of property impacted by the damage."

COMPLAINT - 2

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

8.      Pursuant to the Contract, Mr. Arellano also assigned all of his "insurance rights (including statutory and regulatory), benefits, proceeds, and causes of action arising out of or relating to" the Policy and Claim to Northwest which pertained to its services.

9.      After Mr. Arellano and Northwest entered the Contract, Northwest commenced and completed its services under the Contract for the Property. After Northwest completed its services, it issued its invoice to State Farm and Mr. Arellano.

**B.     State Farm's (Unreasonable) Denial of Benefits**

10.     After receipt of Northwest's invoice and the associated costs, on January 12, 2025, State Farm – through Briant Rutherford – notified Northwest that "[m]itigation on this claim will be processed once the inspection is complete and coverage is determined." While the Loss occurred on or about November 8, 2024, State Farm conceded it had not performed any investigation or determined coverage within 30 days of the Loss, let alone within 60 days.

11.     In spite of State Farm's failure to perform a reasonable investigation, State Farm denied payment (of benefits) for several services.

12.     The services that State Farm denied payment (of benefits) for are as follows:

    a.   Emergency Service Call During Normal Business Hours.

    b.   The full amount of time for equipment setup, monitoring & takedown.

    c.   Residential Supervision/Project Management.

    d.   Plumbing and electrical subcontractors.

    e.   The full amount of PPE, PPE gloves, respirators, and cartridges.

    f.   The full number of days dehumidifiers were required at the Property.

    g.   The full number of days air filtration devices were required at the Property.

COMPLAINT - 3

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

1        h.  The full use of HEPA filters for Northwest's Negative Air Fan/Air Scrubbers.

2        i.  Benefits for the removal of the plumbing fixture supply line.

3        j.  Northwest's cleaning of the floor.

4        k.  Northwest's cleaning of the stud wall.

5        l.  Northwest's HEPA vacuuming of the Property.

6        m.  Northwest's application of biological cleaning agent.

7        n.  The full number of days for Northwest's use of tension posts for the containment barrier it erected in the hallway.

8

9        o.  Northwest's detachment of the baseboard and interior door within and of the hallway closet.

10        p.  Northwest's cleaning in the crawlspace.

11      13.    Additionally, State Farm denied payment of benefits for Northwest's reasonable

12 unit prices for particular services.

13      14.    For the emergency services call, State Farm denied payment (of benefits) because,

14 according to it, allocating resources to respond to a customer is "a cost of doing business." Based

15 on State Farm's concession that this charge would be incurred as a cost of doing business, State

16 Farm understood it was a cost Mr. Arellano would incur. In fact, contrary to State Farm's denial,

17 it has paid for this cost on other projects, demonstrating it was aware that its insureds incur this

18 cost.

19      15.    For equipment setup, takedown, and monitoring, State Farm denied payment (of

20 benefits) because, according to it, only 10 days were required to dry all of the components within

21 the Property. Contrary to State Farm's (unreasonable) determination, which neglected to consider

22 pertinent circumstances of this Loss (explained further below), more than 26 hours were required.

23

24 COMPLAINT - 4

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

25

1       16.    In regard to the residential supervision/project management cost, State Farm

2 denied payment of benefits, claiming that "[p]rofessionally trained mitigation technicians and

3 professionals are able to address water mitigation tasks independently and should be able to speak

4 with the customer, answer basic questions, and explain [the] process of handling. If the vendor

5 decides as a company that it will utilize a supervisor, it would not be [a] charge owed by the

6 insured or State Farm." Contrary to State Farm's (unreasonable) determination, Washington law

7 requires contractors to provide supervisors on jobsites to, among other things, ensure the safety

8 of its employees. Additionally, while technicians are certified to address water mitigation, a

9 project manager is required to – among other things – properly sequence the job, otherwise no

10 direction is provided for the services, including with respect to the interplay of other individuals

11 such as subcontractors.

12       17.    For Northwest's use of a plumber, for one invoice, State Farm directed Northwest

13 to "[s]eek payment from the insured as they are responsible for any repairs." However, under the

14 Policy, State Farm had an obligation to issue payment for repairs. Despite its obligation, State

15 Farm never issued payment to Northwest but rather attempted to shirk its indemnity obligation,

16 at least according to its justification for denying payment. As to the other invoice for Northwest's

17 use of a plumber, State Farm notified Northwest that payment "was included in the

18 reconstruction" yet State Farm did not issue payment to Northwest, contrary to the Assignment

19 and State Farm's knowledge of the Assignment prior to issuance of payment.

20       18.    With respect to Northwest's use of an electrician, State Farm has not once

21 addressed issuing payment. More than 9 months have elapsed since State Farm received a copy

22

23

24 COMPLAINT - 5

25

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

1    of the electrical invoice yet State Farm has not issued payment to Northwest, effectively denying

2    payment of this benefit.

3        19.    In regard to the PPE gloves, State Farm merely stated that "[g]loves . . . are already

4    included in" the line item identified as "Add for personal protective equipment (hazardous

5    cleanup)." While gloves are included within that line item, State Farm simply assumed that the

6    gloves Northwest charged for were those already encompassed within the "Add for personal

7    protective equipment (hazardous equipment)" line item as opposed to being separate. Contrary to

8    State Farm's assumption, the gloves were separate from the other PPE used.

9        20.    For the respirator and respirator cartridges, State Farm denied payment of benefits,

10   claiming that because no hazardous material such as "mold, asbestos, lead, etc." was present, the

11   respirators were not appropriate. Contrary to State Farm's (unreasonable) determination,

12   Category 2 water was present at the Property, as even State Farm has acknowledged, thus

13   necessitating the use of the respirators and cartridges.

14       21.    In terms of the dehumidifier used in the kitchen, State Farm arbitrarily reduced the

15   number of days to 10, assuming that the Property should have dried within 10 days. Contrary to

16   State Farm's (unreasonable) determination:

17       a.  when the Loss occurred, tenants resided in the Property, thus preventing

18       demolition in the kitchen as the Property would then become uninhabitable;

19       b.  because the Loss (which was Category 2 water) impacted the subfloor within the

20       kitchen, vinyl (over the subfloor) needed to be removed, necessitating asbestos testing

21       before the subfloor could be exposed to allow for drying;

22

23

24   COMPLAINT - 6

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

25

1       c.   the tenants did not leave the Property until approximately November 29, 2024,

2 resulting in the dehumidifier having been at the Property for 14 days, which already

3 exceeds the arbitrary number State Farm manufactured;

4       d.   demolition commenced on December 3, 2024, following the weekend that the

5 tenants left the Property;

6       e.   upon demolishing the vinyl within the kitchen of the Property, another layer of

7 vinyl was exposed, thus necessitating further asbestos testing, while also preventing the

8 subfloor within the kitchen from being exposed to drying efforts;

9       f.   asbestos testing of the new vinyl was obtained on December 4, 2025, and results

10 were received on December 5, 2025; and

11       g.   after removal of the new vinyl within the kitchen, the subfloor needed 10 days to

12 dry, as State Farm acknowledged through its allocation of air movers in the kitchen of the

13 Property, meaning the earliest the dehumidifier in the kitchen could have been removed

14 was on December 15, 2024, but because this was a Sunday, the equipment needed to

15 remain until Monday December 16, 2024.

16     22.   Due to the foregoing circumstances and chronology of events, the dehumidifier in

17 the kitchen needed to remain at the Property for 31 days – from November 15, 2024 to December

18 16, 2024 – as opposed to State Farm's arbitrary determination of 10 days.

19     23.   With respect to the air filtration device in the kitchen, while State Farm determined

20 that it only needed to remain at the Property for 8 days, it actually needed to remain at the Property

21 for much longer. State Farm's justification for denying payment to an amount above 8 days is as

22

23

24   COMPLAINT - 7

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

25

1  follows: "Capped At 8 Days – 2 Days Each Per EACH AS Testing for Stabilization & 2 Days for
2  Demo."

3      24.    Contrary to State Farm's conclusion about the number of days for the air filtration
4  devices within the kitchen, even using State Farm's justification, Northwest's air filtration devices
5  needed to remain at the Property for at least 10 days – the asbestos samples were taken on
6  November 15, 2024 but results were not received until November 20, 2024, which means 2 air
7  filtration devices multiplied by 5 days equals 10, and this does not account for the circumstance
8  that demolition could not occur directly after receipt of the asbestos results due to tenants within
9  the Property. As a result, even based on State Farm's logic, its determination of 8 days is arbitrary.

10     25.    State Farm did not pay for the full use of a HEPA filter for Northwest's use of an
11  air filtration device in the kitchen or hallway but instead reduced the quantity of each to 0.25.
12  State Farm's justification was that "HEPA filters have a usual 700-800 hour life expectancy, only
13  a small portion of the life expectancy was used for this loss. The policy only covers the amount
14  that is used for this project only." Despite State Farm's justification, on a recent project, State
15  Farm conceded that "the owner's manual states the filter must be changed after every job." As a
16  result, State Farm paid in full for the HEPA filter on the other job, and had State Farm performed
17  the same diligence on this project, it would have or should have known that its reduction of the
18  HEPA filter on this project was improper.

19     26.    For State Farm's (unreasonable) denial regarding Northwest's removal of the
20  plumbing fixture supply lines, State Farm stated: "Supply lines are generally attached to angle
21  stop valves. Turning off the valve would stop the flow of water. This line item accounts for
22  permanently capping the line, which is not warranted for this loss. If the angles stops were

23

24  COMPLAINT - 8

25

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

1  dripping, its failure would be unrelated to this loss and payment cannot be considered under this

2  claim." Contrary to State Farm's determination, this service was performed in order to cap the

3  supply lines to the refrigerator, dishwasher, and sink in the kitchen, so as to allow Northwest to

4  perform its demolition in the kitchen – demolition which State Farm agrees needed to have been

5  performed as a result of the Category 2 water loss. Absent capping the lines, when Northwest

6  removed the foregoing appliances and fixture (which State Farm issued payment for), water

7  would have sprayed everywhere, resulting in yet another water event, and turning off all water in

8  the Property would have prevented the flow of water to other areas of the Property, so capping

9  was necessary.

10        27.    State Farm also denied payment for Northwest's cleaning of the floor and stud

11  walls within the kitchen, bathroom, and hallway of the Property, and denied payment for

12  Northwest's cleaning of the floor or roof joist system in the crawlspace. State Farm's justification

13  was that the "demo/tear out line items include debris removal, sweeping and/or vacuuming the

14  immediate workspace within the supporting events tab. Anti-microbial was applied afterwards

15  which would be sufficient for this category of loss, additional cleaning would be unwarranted."

16  In a contradictory fashion, however, and in spite of State Farm's (unreasonable) determination,

17  State Farm acknowledged in its denial for HEPA vacuuming (explained below) that Category 2

18  water losses (such as the Loss) "require a wet cleaning process." As a result, while State Farm

19  denied payment for cleaning services, it recognized that cleaning was appropriate for the Loss.

20        28.    For Northwest's HEPA vacuuming in the kitchen, bathroom, hallway, and

21  crawlspace of the Property, State Farm denied payment based on its justification that "it is our

22  understanding that HEPA vacuuming is generally dealing with dry contaminants on surfaces that

23

24  COMPLAINT - 9

25

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

1    needs to be removed. . . . Cat 2 and 3 losses usually involve surfaces that have wet contaminants

2    which would require a wet cleaning process. HEPA vacuuming is a specialized dry-cleaning

3    process. . . ." Contrary to State Farm's denial, HEPA vacuuming is required after a Category 2

4    water event, such as the Loss, because upon removal of contaminated materials, contaminants

5    spread and in turn must be HEPA-vacuumed.

6        29.    For Northwest's application of the biological cleaning agent to more than the floor,

7    State Farm denied payment, claiming that "This is a duplicate line item as plant based anti-

8    microbial was allowed." Contrary to State Farm's justification, the biological cleaning agent is

9    not the same as the anti-microbial agent, and State Farm should have known as much.

10        30.    State Farm denied the entirety of areas where Northwest needed to apply its anti-

11    microbial agent. State Farm did not provide a justification for its denial. State Farm additionally

12    denied payment of the unit price in full, despite the fact the unit price allocated by State Farm and

13    that charged by Northwest varied by one-cent. Upon information and belief, the Policy requires

14    State Farm to pay the reasonable cost, and a one-cent difference does not render Northwest's

15    charge unreasonable for the service.

16        31.    In the hallway, State Farm denied payment of Northwest's use of a dehumidifier

17    for the full time required, claiming that only 10 days were required for the dry period. Contrary

18    to State Farm's (unreasonable) determination, and as explained above, Northwest could not have

19    demolished the hallway – such as the vinyl – without first obtaining asbestos samples and the

20    tenants leaving. Had Northwest demolished the flooring in the hallway, it would have created an

21    unsafe environment for the tenants. The tenants did not leave the Property until approximately

22    November 29, 2024. As a result, demolition could not commence until December 2, 2025.

23

24    COMPLAINT - 10

25

**CB | LAWYERS**
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

32.     After demolition of the vinyl within the hallway, and as State Farm acknowledged, air movers were required for 10 days each, meaning it took 10 days from the date the vinyl was removed to dry the subfloor and wood sill. If demolition of the vinyl within the hallway commenced on December 2, 2025, then the wood sill would not have dried until December 12, 2024. Because Northwest dropped its dehumidifier in the hallway of the Property on November 20, 2024, the earliest it could have removed the dehumidifier based on the circumstances was December 12, 2024 – meaning the dehumidifier needed to remain for 28 days as opposed to State Farm's determination of 10 days.

33.     For Northwest's Negative Air Fan/Air Scrubber in the hallway, State Farm denied payment for the full time required. Instead, State Farm issued payment for 8 days, justifying its denial for an amount above 8 days by claiming: "Capped At 8 Days – 2 Days Each Per EACH AS Testing for Stabilization & 2 Days for Demo." However, as explained above, because demolition could not commence in the hallway until December 2, 2024, the device (clearly) needed to remain longer than 8 days.

34.     State Farm denied full payment for Northwest's use of tension posts to align with its (arbitrary) determination of 10 days for the drying period in the hallway. In this regard, State Farm issued payment for a quantity of 40 regarding the tension posts – 10 days multiplied by 4 tension posts. Contrary to State Farm's (arbitrary) determination regarding the number of days for drying, the hallway actually required 28 days of drying based on the circumstances. As a result, State Farm needed to issue payment for a quantity of 102 regarding the tension posts – 28 days multiplied by 4.

COMPLAINT - 11

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

35.    State Farm also (unreasonably) denied payment for Northwest's detaching of a baseboard and an interior door within the hallway closet. State Farm justified its denial by indicating that the work was not warranted. Contrary to State Farm's determination, the baseboard needed to be detached as a result of the Loss, along with the interior door slab.

36.    State Farm also denied other benefits as they pertain to the correct unit price for the service.

37.    State Farm has maintained its (unreasonable) denial of benefits for a number of months. Because of State Farm's unlawful actions, Northwest served its Insurance Fair Conduct Act ("IFCA") letter on the Washington State Office of Insurance Commissioner and State Farm. State Farm failed to cure its (unreasonable) denial of benefits.

### III.    CAUSES OF ACTION
**(First Cause of Action – Breach of Contract and Bad Faith)**

38.    Northwest realleges and incorporates the applicable foregoing and forthcoming paragraphs.

39.    The Policy is a valid and enforceable contract and contains payment obligations, to which Northwest received an assignment of the rights therein with respect to its services.

40.    State Farm breached the Policy and acted in bad faith by, among other things, failing to issue all payments due for Northwest's services performed at the Property.

41.    State Farm's breach and bad faith have caused damages in a principal amount to be proven at trial.

**(Second Cause of Action – Consumer Protection Act Claim)**

42.    Northwest realleges and incorporates the foregoing and forthcoming applicable paragraphs.

COMPLAINT - 12

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

1       43.     State Farm's acts or practices violated the Consumer Protection Act, RCW § 19.86

2 *et seq.*

3       44.     State Farm's acts or practices were unfair and/or deceptive. For example:

4           a.   State Farm misrepresented its payment obligations under the Policy in

5              conjunction with the circumstances of the Loss;

6           b.   State Farm failed to promptly and appropriately communicate with Northwest;

7           c.   State Farm refused to pay claims without conducting a reasonable

8              investigation; and

9           d.   State Farm has required Northwest to initiate litigation to recover amounts due

10             under the Policy.

11      45.     State Farm's acts or practices constitute a violation of WAC § 284-30-330(1),

12 which constitutes a *per se* unfair or deceptive act or practice under the Consumer Protection Act

13 and is evidence of a Consumer Protection Act violation.

14      46.     State Farm's acts or practices constitute a violation of WAC § 284-30-330(2),

15 which constitutes a *per se* unfair or deceptive act or practice under the Consumer Protection Act

16 and is evidence of a Consumer Protection Act violation.

17      47.     State Farm's acts or practices constitute a violation of WAC § 284-30-330(4),

18 which constitutes a *per se* unfair or deceptive act or practice under the Consumer Protection Act

19 and is evidence of a Consumer Protection Act violation.

20      48.     State Farm's acts or practices constitute a violation of WAC § 284-30-330(6),

21 which constitutes a *per se* unfair or deceptive act or practice under the Consumer Protection Act

22 and is evidence of a Consumer Protection Act violation.

23

24 COMPLAINT - 13

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

25

1    49.    State Farm's acts or practices occurred in trade or commerce.

2    50.    State Farm's acts or practices impact the public interest.

3    51.    State Farm's unfair or deceptive acts or practices have caused injury in an amount

4    to be proven at trial.

5    **(Third Cause of Action – Insurance Fair Conduct Act Claim)**

6    52.    Northwest realleges and incorporates the foregoing applicable paragraphs.

7    53.    Northwest provided written notice of the basis for its cause of action against State

8    Farm under the Insurance Fair Conduct Act to the Office of the Washington State Insurance

9    Commissioner and to State Farm, as provided by RCW § 48.30.015(8).

10   54.    State Farm failed to resolve the basis for this cause of action within the time

11   prescribed by RCW § 48.30.015(8)(b).

12   55.    State Farm's acts and omissions, as alleged above, violated the Insurance Fair

13   Conduct Act, as it has, among other things, unreasonably denied payment of benefits.

14   56.    Northwest is entitled to damages in an amount to be proven at trial.

15   **IV.    PRAYER FOR RELIEF**

16   1.    For judgment against the defendant and in favor of Northwest in an amount to be

17   proven at trial;

18   2.    For an award of Northwest's attorney's fees and costs pursuant to RCW §

19   19.86.090, RCW § 48.30.015(1), and any other applicable law;

20   3.    For an award of prejudgment interest and post-judgment interest;

21   4.    For an award of treble damages against State Farm pursuant to RCW § 19.86.090

22   and RCW § 48.30.015(2); and

23

24   COMPLAINT - 14

**CB** | LAWYERS
CAMPBELL & BISSELL | PLLC
Corbet-Aspray House
820 W. 7th Avenue
Spokane, WA 99204
509.455.7100

1    5.    For such other and further relief as the Court deems just and equitable.

2

3    DATED this ___3rd___ day of November, 2025.

4                                        CAMPBELL & BISSELL, PLLC

5

6                                        WILLIAM GIERI, WSBA #52761
                                         Attorney for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    COMPLAINT - 15                        **CB** | LAWYERS
                                         CAMPBELL & BISSELL | PLLC
                                            Corbet-Aspray House
25                                          820 W. 7th Avenue
                                            Spokane, WA 99204
                                            509.455.7100

# Exhibit 2



null / ALL
**Transmittal Number: 32729983**
**Date Processed: 11/19/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire And Casualty Company |
| **Title of Action:** | Northwest Restoration Operating, Inc. vs. State Farm Fire And Casualty Company |
| **Matter Name/ID:** | Northwest Restoration Operating, Inc. vs. State Farm Fire And Casualty Company (18225338) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Yakima County Superior Court, WA |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 11/18/2025 |
| **Answer or Appearance Due:** | 40 Days |
| **Originally Served On:** | Dept. of Insurance in Washington on 11/12/2025 |
| **How Served:** | Certified Mail |
| Sender Information: | Campbell & Bissell, PLLC<br>509-455-7100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# Exhibit 3



# Authority request

**Named Insured:** ERICA TORRES, MIGUEL ARELLANO          **Date Created:** 4/9/2025          **Claim Number:** 47-76L2-53S

## Coverage A - Dwelling
**Limit of Liability:**     $244,298.00

| Description | Replacement cost ($) | Recoverable depreciation ($) | Non-recoverable depreciation ($) | Amount over limit ($) | Subtotal ($) | |
|---|---|---|---|---|---|---|
| Staff Estimate | 21,274.35 | 0.00 | 0.00 | 0.00 | 21,274.35 | From SOL |
| Mitigation | 13,253.52 | 0.00 | 0.00 | 0.00 | 13,253.52 | From SOL |
| **Totals:** | **$    34,527.87** | **$    0.00** | **$    0.00** | **$    0.00** | **$    34,527.87** | |

| | |
|---|---|
| Authority requested | $34,527.87 |
| Previous authority granted | $0.00 |
| Coverage A - Dwelling - Additional authority requested | $34,527.87 |

Comments / Supplements

| | |
|---|---|
| Previous authority granted | $0.00 |
| Total authority requested | $34,527.87 |
| Less deductible(From SOL) | $1,000.00 |
| Net authority request less deductible | $33,527.87 |
| Net payment(From SOL) | $5,781.93 |

Signature

Ta-Ronce Murray
_____

*\* Your policy may provide for additional payments on a replacement cost basis for the Recoverable Depreciation listed above for Cov. A and Cov. B for your Building and Personal Property. Please refer to your policy and any endorsements for specific time limits and additional settlement provisions. Please contact your claim handler if you have any questions.*

## Previous payments

| Date | Payee | Remarks | Subtotal ($) |
|---|---|---|---|
| Mar 04, 2025 | ERICA TORRES & MIGUEL ARELLANO | Actual cash value payment for Coverage A property damage for rebuild. Thank you for choosing State Farm Insurance. | 16,317.58 |
| Mar 08, 2025 | MIGUEL ARELLANO & ERICA TORRES | Payment for wall heaters and recoverable depreciation. | 3,956.77 |
| Mar 12, 2025 | ERICA TORRES & MIGUEL ARELLANO | Undisputed Water Mitigation | 7,471.59 |
| **Totals:** | | | **$   27,745.94** |

# Exhibit 4

1

2

3

4

5

6                          IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
                                    IN AND FOR YAKIMA COUNTY
7

8   NORTHWEST RESTORATION                    No. 25-2-04045-39
    OPERATING, INC., a Washington
    Corporation,                             **DEFENDANT'S NOTICE TO**
9                                            **SUPERIOR COURT OF FILING OF**
              Plaintiff,                     **NOTICE OF REMOVAL**
10

11        vs.

12  STATE FARM FIRE AND CASUALTY
    COMPANY, a foreign insurer,
13
              Defendant.
14

15  TO:           Clerk of the Court;

16  AND TO:       Plaintiffs and Plaintiffs' Counsel of Record.

17        **YOU ARE HEREBY NOTIFIED** that on December 18, 2025, Defendant State Farm Fire

18  and Casualty Company filed in the United States District Court for the Eastern District of

19  Washington, the attached Notice of Removal and accompanying pleadings for the above-entitled

20  action pursuant to 28 U.S.C. §§1332, 1441 and 1446, *et seq*. Pursuant to 28 U.S.C. §1446(d), this

21  Court is to proceed no further with the case unless the case is remanded back to this Court.

22

23

Defendant's Notice to Superior Court of Filing of Notice of Removal – 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4900-9845-5934, v. 1

1    DATED this 18th day of December, 2025.

2                                              s/ James D. Hicks
                                               James D. Hicks, WSBA #36126
3                                              Forsberg & Umlauf, P.S.
                                               401 Union St., Suite 1400
4                                              Seattle, WA  98101
                                               Phone:  (206) 689-8500
5                                              jhicks@foum.law
                                               Attorney for Defendant
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Defendant's Notice to Superior Court of Filing of Notice of Removal – 2

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4900-9845-5934, v. 1

1

## **CERTIFICATE OF SERVICE**

2          The undersigned certifies under the penalty of perjury under the laws of the State of

3   Washington that I am now and at all times herein mentioned, a citizen of the United States, a

4   resident of the State of Washington, over the age of eighteen years, not a party to or interested in

5   the above-entitled action, and competent to be a witness herein.

6          On the date given below I caused to be served the foregoing ***NOTICE TO SUPERIOR***

7   ***COURT*** on the following individuals in the manner indicated:

8   Mr. William A. Gieri
    Campbell & Bissell, PLLC
9   820 W. 7th Ave.
    Spokane, WA  99204

10
    *Attorney for Plaintiff*
11
    (X)  Via Electronic Mail
12

13          **SIGNED** this 18th day of December, 2025, at Seattle, Washington.

14
                                        *s/ Julia Wolfe*
15                                      Julia L. Wolfe

16

17

18

19

20

21

22

23

Defendant's Notice to Superior Court of Filing of Notice of Removal – 3

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4900-9845-5934, v. 1